UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN WIDNER,

    Petitioner,                              Case No. 1:10-cv-1035

v                                                     HON. JANET T. NEFF

MARY BERGHUIS,

    Respondent.
_____/

## **OPINION**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 (Dkt 1). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition (Dkt 31). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 38). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

      In his objections to the Report and Recommendation, Petitioner reiterates four arguments he made before the Magistrate Judge: (1) that the trial judge improperly denied Petitioner's request for new counsel (Dkt 31 at 9-13; Dkt 38 at 1-32); (2) that the introduction of propensity evidence deprived Petitioner of a fair trial (Dkt 31 at 14-16; Dkt 38 at 32-41); (3) that Petitioner was entitled to a court-appointed investigator for the purpose of contacting potential witnesses (Dkt 31 at 17-21;

Dkt 38 at 42-43); and (4) that trial counsel provided ineffective assistance (Dkt 31 at 21-31; Dkt 38 at 44-49, 52). Petitioner also includes sections entitled "Objections [t]o Failure [t]o Conduct [a]n Evidentiary Hearing" (Dkt 38 at 50-51) and "Sentencing Objections" (Dkt 38 at 52), but fails to object to any part of the Magistrate Judge's analysis. For the reasons discussed herein, Petitioner's objections are denied as without merit.

## I. Request for Substitute Counsel

Petitioner first reiterates his argument that the trial court erred in refusing to grant him substitute counsel. He asserts that "the record is rife with evidence that substitute counsel should have been appointed" (Dkt 38 at 13). Petitioner's argument is without merit.

In the Report and Recommendation, the Magistrate Judge correctly states that in reviewing a trial court's denial of a motion for substitute counsel, "courts must consider the following factors: (1) timeliness of the request; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the alleged conflict between defendant and counsel is so great that it results in 'a total lack of communication preventing an adequate defense'" (Dkt 31 at 10) (quoting *United States v. Mooneyham*, 473 F.3d 280, 291 (6th Cir. 2007)). After thoroughly analyzing these three factors, the Magistrate Judge determined that Petitioner was not entitled to substitute counsel at the start of his trial (Dkt 31 at 16). Petitioner, who alleges to have requested substitute counsel on both September 24, 2007 and October 24, 2007, disputes the Magistrate Judge's analysis regarding each of the three factors articulated above.

A. *Timeliness of Petitioner's Request*

Petitioner first objects to the Magistrate Judge's determination that his request for substitute counsel was "untimely" (Dkt 31 at 11; Dkt 38 at 1). Petitioner argues that the Magistrate Judge's

assertion that he did not request substitute counsel until after trial had begun was "factually erroneous" and that his request "was actually made well before the selection of a jury" (Dkt 38 at 1; Dkt 31 at 11).[1] In support of this argument, Petitioner cites the record from September 24, 2007, a month prior to the start of the trial, which he refers to as "Petitioner's Request [f]or Substitute Counsel" (Dkt 38 at 2). However, the record shows that on September 24, 2007 Petitioner stated to the judge that "I don't know if I need – if I want a new lawyer yet" (Dkt 12 at 4:18-19). Therefore, rather than supporting Petitioner's position that he requested substitute counsel at this time, this evidence reflects that Petitioner had an opportunity on the record to ask for new counsel and failed to do so. Accordingly, Petitioner's argument based on the record for September 24, 2007 does not demonstrate that his request was not untimely.

Alternatively, Petitioner argues that even if his request for substitute counsel was untimely, "[his] request for substitute counsel on [October 24, 2007] would have been 'a justifiable request for delay'" (Dkt 38 at 21). As noted by the Magistrate Judge, "the Sixth Circuit has observed that if the defendant's request 'would necessitate a last-minute continuance, the trial judge's action are entitled to extraordinary deference'" (Dkt 31 at 11) (citing *Henness v. Bagley*, 644 F.3d 308, 321 (6th Cir. 2011). To overcome this "extraordinary deference," Petitioner must show that the trial court engaged in "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay …" *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009).

Petitioner's objection, as well as the evidence in the record, fails to show that the trial judge

---

[1]Petitioner also asserts that "the 'request' [for substitute counsel] made on October 24, 2007 actually came from trial counsel herself" (Dkt 38 at 1). While it is accurate that trial counsel first requested that new counsel be appointed, Petitioner also made a request at that time stating, "I would like a new attorney" (Dkt 15 at 6:14-15).

3

acted unreasonably in denying his request for substitute counsel on October 24, 2007. The record from the October 24, 2007 hearing does not show, nor does Petitioner contend, that the trial judge engaged in "an unreasoning and arbitrary insistence upon expeditiousness" in denying Petitioner's request for substitute counsel. *Vasquez*, 560 F.3d at 466. Furthermore, while Petitioner contends that he had a "justifiable request for delay," the record fails to support his conclusion. *Id.* Accordingly, Petitioner's objection is denied as without merit.[2]

B.     *Adequacy of the Court's Inquiry*

Petitioner next disputes the Magistrate Judge's determination that the trial judge adequately inquired into Petitioner's complaint. Specifically, Petitioner takes issue with the Magistrate Judge's finding that "the trial judge questioned Petitioner at length regarding the basis for his request" (Dkt 31 at 11). Citing the record from October 24, 2007, Petitioner asserts that "while 'at length' is a subjective term, the few questions asked [by the trial judge] can in no way be considered 'at length'" (Dkt 38 at 11). Petitioner further argues that "none of the questions [asked by the trial judge] related to petitioner's concerns" (*id.*).

As the Magistrate Judge correctly noted, "[w]ith respect to the adequacy of the trial court's inquiry into the matter, the trial court 'simply must allow a defendant the opportunity to explain the attorney-client conflict as he perceives it" (Dkt 31 at 11) (quoting *United States v. Marrero*, 651 F.3d 453, 465 (6th Cir. 2011)). Regardless of whether the discussion can be characterized "at length", the record from October 24, 2007 clearly shows that the trial judge allowed Petitioner to explain the conflict he was having with counsel. Contrary to Petitioner's assertion, the trial judge did ask him

---

[2]Even if Petitioner's claim that his request for substitute counsel was timely was meritorious, his argument that he should have been appointed substitute counsel would still fail based on the analysis regarding the other two factors below.

4

for his position regarding his attorney (Dkt 15 at 6:13), to which Petitioner replied "I would like a new attorney. More specifically, I'd like more investigation into the witnesses, that's the biggest problem, and I feel my attorney hasn't performed her duties in acquiring that" (Dkt 16 at 6:14-17). It was not until after hearing Petitioner's position, and inquiring further with Petitioner's attorney, that the trial judge decided to deny Petitioner's request for counsel. Because the trial judge did allow Petitioner ample opportunity to explain his perceived problems with his attorney, Petitioner's objection is denied as without merit.

C.    *"Total Lack of Communication Preventing an Adequate Defense"*

Petitioner also disputes the Magistrate Judge's analysis of "whether the alleged conflict between [Petitioner] and counsel [was] so great that it result[ed] in 'a total lack of communication preventing an adequate defense'" (Dkt 31 at 10; Dkt 38 at 17) (citing *Mooneyham*, 473 F.3d at 291). Specifically, Petitioner argues that the Magistrate Judge was "grievously erroneous" (Dkt 38 at 17) in her determination that there is "no evidence that the alleged conflict between Petitioner and his attorney was so great that it prevented counsel from defending Petitioner" (Dkt 31 at 12; Dkt 38 at 13). Petitioner's argument is without merit.

In support of his objection, Petitioner first alleges that the case cited by the Magistrate Judge, *United States v. Marrero*, 651 F.3d 453 (6th Cir. 2011), is "contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States" (Dkt 38 at 13). However, Petitioner does not cite any case law to support his assertion, nor has the Supreme Court overruled *Marrero* or rejected its holding. Therefore, Petitioner's unsubstantiated assertion has no merit.

Petitioner also attempts to show how the record illustrates a "breakdown" in the

communication between Petitioner and his counsel (Dkt 38 at 14). The Michigan Court of Appeals and the Magistrate Judge both acknowledged that "defense counsel and [Petitioner] had a strained relationship" (Dkt 31 at 12); however, both also agreed that "[Petitioner's] general dissatisfaction with defense counsel stemmed more from his attempts to control the proceedings and his attempts at manipulation, rather than a legitimate difference [of] opinion over a substantial defense or fundamental trial tactic" (Dkt 31 at 12). Furthermore, regarding Petitioner's assertion that counsel failed to investigate witnesses, the Court of Appeals correctly stated that "[d]isagreements that are fairly categorized as disputes over professional judgment and trial strategy are matters entrusted to the attorney and thus, are not grounds for the appointment of substitute counsel" (*id.* at 13).

In his objections, Petitioner asserts that the Magistrate Judge's determination that Petitioner "simply disagreed with [trial counsel's] tactics and strategy" is "factually erroneous" (Dkt 31 at 11; Dkt 38 at 16). Petitioner argues that "[t]his trial was clearly a credibility contest … So the 'rebuttal witnesses' [t]rial [c]ounsel dismissed as 'unnecessary', because they were unable to 'testify to any issue related to the alleged crimes', would have testified to Petitioner's continued and integral role as a component part of the family structure" (*id.* at 22).

This objection was thoroughly addressed by the Michigan Court of Appeals. As the Court of Appeals correctly noted, Petitioner asserted that these potential witnesses "would have testified to [Petitioner's] regular and unsupervised visits with the victim and his other daughter after the abuse was revealed … [h]owever, the prosecution conceded this point at trial and both the victim and her mother testified at trial that these unsupervised visits occurred" (Dkt 31 at 13). The Court of Appeals further correctly determined that Petitioner "does not explain how the additional testimony would have been material to the proceedings or how the dispute over these potential witnesses

6

constituted a dispute over a fundamental trial tactic rather than a dispute over defense counsel's professional judgment not to waste resources" (*id.*).

Petitioner does not make any new argument regarding how the testimony would have been material in the proceedings; instead, he admits that "this [potential witness testimony] does not pertain to specific actions involving the alleged crimes" (Dkt 38 at 22). Therefore, as the Magistrate Judge correctly concluded, Petitioner has failed to show that the alleged conflict between his counsel and him resulted in "a total lack of communication preventing an adequate defense" (Dkt 38 at 17) (citing *Mooneyham*, 473 F.3d at 291). Furthermore, based on the preceding analysis of the three factors from *Mooneyham*, 473 F.3d at 291, Petitioner has failed to show that the trial court erred in refusing to grant him substitute counsel. Accordingly, Petitioner's objection is denied as without merit.

## II. Introduction of Propensity Evidence

Petitioner next argues that the Magistrate Judge erred in determining that the trial court did not violate his due process rights by allowing the introduction of propensity evidence "regarding allegations of Petitioner's admission of an instance of criminal sexual conduct in Washington state in 1997" (Dkt 38 at 32). Petitioner asserts that because "[he] was never even charged with said offenses [in Washington state]," evidence of "the other acts [was] therefore inadmissible pursuant to MCL 768.27a" (Dkt 38 at 33).[3] Furthermore, Petitioner asserts "[this] testimony only served to

---

[3] Petitioner also references MICH. CT. R. 404(b) to support his objection. However, in *People v. Watkins*, 818 N.W.2d 296 (Mich. 2012), the Michigan Supreme Court held that "MCL 768.27a irreconcilably conflicts with MRE 404(b), which bars the admission of other-acts evidence for the purpose of showing a defendant's propensity to commit similar acts, and that the statute prevails over the court rule . . ." *Watkins*, 818 N.W.2d at 299. Therefore, the Court will analyze Petitioner's objection under MICH. COMP. LAWS § 768.27a, rather than MICH. CT. R. 404(b).

7

inflame the passions of the jury and pr[e]judice the verdict" (*id.* at 32), and therefore, "[it] cannot survive the scrutiny of MRE 403's microscope" (*id.* at 35). Petitioner's arguments are without merit.

Petitioner's arguments were thoroughly considered by both the Michigan Court of Appeals and the Magistrate Judge. With respect to Petitioner's argument that the propensity evidence is not admissible because he "was never even charged with said offenses" (Dkt 38 at 33), the Michigan Court of Appeals correctly stated that "MCL 768.27a allows for this type of evidence to be admitted, and it 'may be considered for its bearing on any manner to which it is relevant' … Any manner includes demonstrating propensity" (Dkt 31 at 16) (citing MICH. COMP. LAWS § 768.27a). In the Report and Recommendation, the Magistrate Judge further noted that "the United States Supreme Court has never held that a state violates a criminal defendant's due process rights when it permits the introduction of propensity evidence in the form of other bad acts evidence" (Dkt 31 at 14) (citing *Bey v. Bagley*, 500 F.3d 514, 520 (6th Cir. 2007)). Therefore, Petitioner's objection that the propensity evidence was not admissible under MICH. COMP. LAWS § 768.27a is without merit.[4]

In regards to Petitioner's argument that the evidence "cannot survive the scrutiny of MRE 403" because it "pr[e]judice[d] the verdict" (Dkt 38 at 35, 32), the Court of Appeals correctly noted that "MRE 403 does not prohibit the use of highly prejudicial evidence, but excludes unfairly prejudicial evidence" (Dkt 31 at 16). The Court then correctly stated that "[e]ven though the evidence was prejudicial, the witnesses' testimony regarding this incident was highly probative to demonstrate [Petitioner's] continuing course of conduct with the victim, and it increased the

---

[4]Petitioner also alleges that "[b]ecause the prosecution never admitted the evidence under MCL 768.27a . . . and never gave notice to use this testimony as 'propensity evidence', as required by law, Petitioner's Constitutional rights to due process were violated" (Dkt 38 at 32). However, Petitioner provides no evidence in the record to support his assertion that no notice was given by the prosecution. Therefore, this unsubstantiated assertion is without merit.

8

likelihood he committed these charged offenses and bolstered the victim's credibility" (*id.*). Therefore, the Court of Appeals properly determined that "[the] probative value [of the propensity evidence] was not outweighed by the danger of unfair prejudice" (*id.*). Accordingly, Petitioner's objection that the evidence was inadmissible under MICH. CT. R. 403 is denied as without merit.

### III. Failure to Appoint an Investigator

Petitioner next asserts that the Magistrate Judge erred in determining that he was not entitled to a court-appointed investigator (Dkt 38 at 42). Specifically, Petitioner argues that "[t]he Magistrate's focus on the specific differences in *Ake v. Oklahaoma*, 470 U.S. 68 (1985), and the instant case, belies the logic of the principles of the *Ake* Court" (*id.*). Therefore, Petitioner argues that based on the Court's decision in *Ake*, he was entitled to a court-appointed investigator to interview his potential witnesses. For the reasons stated herein, Petitioner's objection is without merit.

In support of his claim that he was entitled to a court-appointed investigator, Petitioner cites the same language from *Ake*, 470 U.S. at 77, that the Magistrate Judge cites in the Report and Recommendation: "that fundamental fairness entitles indigent defendants to 'an adequate opportunity to present their claims fairly within the adversary system" (Dkt 31 at 18; Dkt 38 at 42) (citing *Ake*, 470 U.S. at 77). Based on this language, Petitioner asserts that, "being indigent, [Petitioner] was entitled to an investigator who would interview pertinent witnesses, and locate [c]ourt records to impeach the credibility of prosecution witnesses" (Dkt 38 at 42).

As the Magistrate Judge correctly states, and Petitioner fails to acknowledge, "[w]hile the *Ake* Court invoked broad-based principles of fairness, its holding [requiring a state to provide the defendant access to a psychiatrist] is expressly limited to circumstances in which a criminal

9

defendant makes 'a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial'" (Dkt 31 at 19) (citing *Ake*, 470 U.S. at 74). Furthermore,"[o]ther courts have subsequently recognized that the Supreme Court has not extended the holding in *Ake* to cover the provision of investigators or other non-psychiatric experts" (*id.*) (citing *Hawkins v. Mullin*, 291 F.3d 658, 671 n.6 (10th Cir. 2002); *Weeks v. Angelone*, 176 F.3d 249, 264-65 (4th Cir. 1999)). Therefore, because Petitioner's sanity at the time of the offense was not a factor at trial, the Magistrate Judge properly distinguished the facts of this case from that of *Ake*, 470 U.S. at 68, in determining that he was not entitled to a court-appointed investigator. Accordingly, Petitioner's objection is denied as without merit.

### IV. Ineffective Assistance of Counsel

Last, Petitioner reiterates another argument he previously made in alleging that Petitioner's trial counsel did not provide ineffective assistance. Specifically, Petitioner asserts that "trial counsel's failure to investigate, confront and cross[-] examine prosecution witnesses about the inconsistent statements, false testimonies, evolved stories, and other aspects that would have been available, had no tactical justification and, instead amounted to constitutionally deficient performance" (Dkt 38 at 45).[5] Petitioner further argues that "trial counsel's failure to object to the improperly admitted propensity evidence was clearly ineffective assistance of counsel" (*id.* at 46). Petitioner's objection is without merit.

As properly stated by the Magistrate Judge, in order to establish a claim of ineffective assistance of counsel, "Petitioner must show both deficient performance by his counsel and prejudice

---

[5]In this assertion in his objections, Petitioner quotes from "*Strickland*, 466 U.S. at 632," but neither this cite, nor the language he quotes, actually exists.

resulting therefrom" (Dkt 31 at 22) (citing *Premo v. Moore*, 131 S.Ct. 733, 739 (2011)). To establish deficient performance by his counsel, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In considering Petitioner's ineffective assistance of counsel claim, the Court must apply "a strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Premo,* 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 687)).

To establish that he suffered prejudice as a result of counsel's deficient performance, Petitioner must show "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (Dkt 31 at 22) (citing *Premo*, 131 S.Ct. at 739). This is a heavy burden, which requires Petitioner to "establish that his counsel's performance was 'so manifestly ineffective that defeat was snatched from the hands of probable victory'" (*id.*) (quoting *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001)). Furthermore, because of the "highly deferential" standard in the federal habeas petition context, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Premo*, 131 S.Ct. at 740.

Petitioner has failed to meet the heavy burden for establishing his ineffective assistance of counsel claim in this case. Regarding Petitioner's argument that counsel was ineffective for "fail[ing] to object to improperly admitted propensity evidence" (Dkt 38 at 46), this Court has determined that the evidence was properly admitted, and as the Magistrate Judge correctly noted, "[t]he failure of an attorney to object to properly admitted evidence does not constitute ineffective assistance of counsel" (Dkt 31 at 24). With respect to Petitioner's claim that counsel was ineffective for "fail[ing] to investigate" (Dkt 38 at 45), even Petitioner concedes that "[i]t can only be speculated

11

as to what trial counsel might have found" (*id.*). This speculative argument falls far short of establishing that "defeat was snatched from the hands of probable victory" as a result of counsel's performance. *Jacobs,* 265 F.3d at 418. Because Petitioner's arguments fail to meet the burden for establishing deficient performance by counsel, or any prejudice resulting therefrom, his objection to the Report and Recommendation is denied as without merit.

## V. Additional "Objections"

Petitioner includes two additional sections in his objections, one entitled "Objections [t]o Failure [t]o Conduct [a]n Evidentiary Hearing" (Dkt 38 at 50-51) and the other entitled "Sentencing Objections" (Dkt 38 at 52). In the section relating to an evidentiary hearing, Petitioner does not discuss the Magistrate Judge's analysis in the R & R but merely provides a two-page photocopy from a book discussing evidentiary hearings in habeas cases (Dkt 38 at 50-51). In the section relating to sentencing objections, Petitioner similarly fails to object to any portion of the Magistrate Judge's analysis, but instead continues to argue that Petitioner's counsel was ineffective, this time for failing to present mitigating evidence at sentencing (*id.* at 52). Petitioner concludes the evidentiary hearing section by "requesting latitude from the regular performance standards of quality in regards to the production of these objections … Hopes for leniency stem from the principles in *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010)" (Dkt 38 at 51).

While a pro se litigant's objection should be liberally construed by the Court, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), Plaintiff's "objections" wholly fail to supply the basis for his objections. The local rules of this Court require that the objecting party "specifically identify the portions of the proposed findings, recommendations or report to which objections are made *and* the basis for such objections." W.D. Mich. LCivR 72.3(b) (emphasis added). Plaintiff's mere

dissatisfaction with the result in his case, without any explanation as to how the Magistrate Judge might have erred in evaluating the trial court's decision or in applying the pertinent legal standards, cannot serve as a basis for rejecting the Report and Recommendation. Accordingly, these "objections" are denied as without merit.

## VI. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: February 11, 2013        /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge